DONALD SAVAGE AND ANOTHER v. TOWN BOARD OF
FLORENCE TOWNSHIP AND OTHERS.
GLADYS I. SAVAGE, APPELLANT.

249 N. W. 2d 891.

January 14, 1977—No. 46694.

*Gilbert W. Terwilliger,* for appellant.
*Patrick J. Costello,* for respondents Savage.

Considered and decided by the court without oral argument.

Per Curiam.

Respondents, owners of a landlocked 40-acre parcel of farmland in Goodhue County, petitioned the Town Board of Florence seeking the establishment pursuant to Minn. St. 164.07 and 164.08, of a cartway connecting respondents' property with a public road. The town board established the cartway along the petitioned route and fixed damages in the amount of $4,050. Respondents appealed to the district court pursuant to Minn. St. 164.07, subd. 7. This statute provides for a trial de novo as in condemnation proceedings.

The trial court, sitting without a jury and after hearing witnesses and reviewing plats and pictures of the area, made a finding that the damages assessed by the town board were unreasonable and excessive and fixed the award to the landowner at $2,050. Appellant, the owner of the land taken for the cartway, appealed.

The route established for the cartway runs from a public highway and dead ends at respondent's property line. It has been used as a roadway since 1909. The testimony, aerial maps, and actual photos of the property established that the route is nine-tenths of a mile long, 2 rods wide and that 3.5 acres of appellant's land would be required for the roadbed of the cartway. The cartway route goes through a very rough terrain and over a rocky climb, through heavy underbrush and trees. A very small portion of the property, about one-ninth, is tillable and the balance is of questionable use for grazing because of the topography and its wooded nature. The tillable property was used as such for the past 10 years and the other portions of the property were not used for any farming or grazing in the past 10 years. There had been no fencing separating the property from the public road at any time. There was some evidence that the establishment of the cartway would separate the appellant's land into two segments of approximately 12 and 24 acres on either side of the roadway. The testimony before the court on the issues of the value of the land taken was that of the town board members who were familiar with the land and were engaged in farming in the immediate area. The town board had broken the award into three categories as follows:

| | | |
|---|---|---|
| (a) | Value of land to be acquired for cartway | $1,050.00 |
| (b) | Inconvenience occasioned by splitting fields | 1,000.00 |
| (c) | Cost of fencing both sides of proposed cartway | 2,000.00 |

The trial court accepted the evidence of the town board members as to the value of the land taken and the inconvenience caused by the splitting of the tilled portion. That no damages were allowed for the cost of fencing is clearly supported by the evidence particularly the pictures of the land involved. In addition there was the admitted fact that since 1909 the cartway was used as such. The pictures of the terrain showing the heavy underbrush and trees support the decision that an expenditure for fencing the entire cartway was not justified. The award of the trial court is supported by substantial evidence and accordingly is affirmed.

Affirmed.